IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:04-867-CMC |
| v. | |
| Raymon Anthony Higgs, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's "Emergency Request" and Citation of New Authority, filed February 6, 2017, regarding his previously filed motion under 28 U.S.C. § 2255. ECF No. 93. On July 5, 2016, Defendant filed his *pro se* § 2255 motion to vacate his sentence in light of *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016). ECF No. 77. On August 1, 2016, the Government filed a motion to dismiss or for summary judgment and memorandum in support. ECF No. 83. On September 6, 2016, after an extension of time was granted, Defendant filed his response, requesting a stay pending *Beckles v. United States*, No. 15-8542. ECF No. 90. The court granted Defendant's motion, and stayed this case pending *Beckles*. ECF No. 91. Now, Defendant requests the court proceed with this case as the stay is "no longer necessary." Defendant argues he is entitled to be resentenced without the career offender enhancement based on new authority.

**I. Background**

Defendant was indicted for one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and one count of possession with intent to distribute 500 grams or more of cocaine (as well as aiding and abetting a co-defendant and "others" in the commission of the offense), in

violation of §§ 841(a)(1) and 841(b)(1)(B). ECF No. 1. On March 7, 2005, an Information regarding imposition of enhanced sentence of imprisonment was filed pursuant to § 851(a), putting Defendant on notice that he was subject to increased penalties based on a previous conviction for trafficking illegal drugs in the Superior Court of Cherokee County, Georgia. ECF No. 34. On March 30, 2005, Defendant entered into an amended written plea agreement to plead guilty to count 1 of the indictment (the conspiracy count). ECF No. 47. In the agreement, Defendant stipulated he had one prior felony drug conviction, subjecting him to a mandatory minimum 10 year sentence. *Id.* at ¶ 7. The agreement also contained an appeal waiver, which included any post-conviction action (including any proceedings under § 2255), other than those for claims of ineffective assistance of counsel or prosecutorial misconduct. *Id.* at ¶ 13. On March 30, 2005, Defendant entered a guilty plea to count one of the indictment. ECF No. 48.

A Pre-Sentence Report (PSR) assessed a base offense level of 34 for the conspiracy charge, based on drug weight. ECF No. 54. However, Defendant was determined to be a career offender based on two previous drug offenses (a 1992 Georgia conviction for possession with intent to distribute and a 1997 Georgia conviction for sale of cocaine), raising the offense level to 37. Defendant received a three level adjustment for acceptance of responsibility, reducing his total offense level to 34. His criminal history category was VI based on his career offender status. Defendant's guideline range was calculated as 262 to 327 months.

At sentencing on July 7, 2005, the court sentenced Defendant to 262 months imprisonment and an eight year term of supervised release. ECF No. 52. Defendant did not appeal his conviction or sentence.

**II.    *Johnson* and *Welch***

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges."  *Johnson*, 135 S.Ct. at 2557.  By holding the residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those in the enumerated or force clauses.  The residual clause can no longer support a defendant's classification as an armed career criminal.

On April 18, 2016, the Supreme Court decided *Welch*, which held that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

**III.    Discussion**

Defendant's § 2255 motion argues his sentence should be vacated in light of the *Johnson* and *Welch* decisions.  ECF No. 77.  This § 2255 motion, filed on July 5, 2016[1], argues Defendant's claim is timely under § 2255(f)(3), as it was filed "within one-year from the date the United States Supreme Court deem[ed] 18 U.S.C. § 924(e)(2)(B)(ii) void for vagueness and unconstitutional." *Id.* at 3.  Substantively, Defendant maintains the *Johnson* reasoning should apply to the career offender guideline's residual clause, and therefore he "does not have two prerequisite violent felonies and/or serious drug offenses to enhance his sentence pursuant to § 4B1.2."  *Id.* at 9.  Defendant also argues that he pled guilty to simple possession for the 1997 drug offense, which is listed as "sale of cocaine" in the PSR, and that the "residual clause in [sic] the only legal tool

---

[1] Defendant signed his motion on June 23, 2016, and the postmark reflects that it was mailed June 27, 2016.  The delay in filing seems to be attributable to an incorrect address for the District Court.  Based on *Houston v. Lack*, 487 U.S. 266 (1988), it appears Defendant's motion will be deemed "filed" within a year of the *Johnson* decision.

available for simple possession." *Id.* at 15.  Finally, Defendant contends that even if § 2255 is "no longer available and/or unreasonable," he can challenge his sentence under § 2241.  *Id.* at 13.

In response, the Government argues Defendant's § 2255 motion should be dismissed as without legal basis because *Johnson* does not apply to his case.  ECF No. 83.  Further, the Government argues Defendant's § 2255 motion is time barred and barred by the appeal waiver in Defendant's plea agreement.

In his reply, Defendant requested a stay pending *Beckles*.  ECF No. 90.  Alternatively, he argues his controlled substance convictions cannot count as predicate offenses for career offender status because the statute under which he was convicted includes "offers to sell" and thus is broader than the guideline definition of a controlled substance offense.  Defendant further argues the Government's motion to dismiss should be denied as he "does not have the requisite prior convictions to allow him to be sentenced as a career offender," and he "cannot waive a substantive constitutional right."  Defendant does not address timeliness.

Based on Defendant's request, this court entered a stay pending *Beckles* on September 8, 2016.  However, it is now apparent to the court that it is not necessary to wait for *Beckles*. Defendant's prior convictions that rendered him a career offender are not crimes of violence and as such, do not depend on whether the residual clause of the career offender guideline is void for vagueness.  As this is the question posed in *Beckles*, which contains no issue regarding drug offenses, that case will be of no help to Defendant.[2]  Therefore, the stay is hereby **vacated**.

---

[2] As defined by the sentencing guidelines,

> [t]he term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the

4

Because *Johnson* and its progeny do not apply to Defendant's case, his motion is untimely.

A 1-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."

28 U.S.C. § 2255(f)(1)-(3). Timeliness under § 2255(f)(3) depends on whether *Johnson* applies. If *Johnson*, made retroactive by *Welch*, applies, Defendant could potentially utilize the statute of limitations in § 2255(f)(3). However, if *Johnson* does not apply, his § 2255 motion is untimely, as it was filed over a year after his conviction became final. The court has determined that Defendant does not have a valid *Johnson* claim because *Johnson* did not impact the use of previous drug offenses as career offender predicate convictions. Therefore, his motion under § 2255 is untimely, as it does not meet the requirements of § 2255(f)(3).[3]

---

> manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

§4B1.2(b). This definition does not contain a residual clause. *Johnson* and *Welch* deal with the ACCA residual clause's definition of violent felony, and *Beckles* concerns the career offender guideline's definition of crime of violence. None of these cases address predicate convictions based on drug offenses.

[3] Defendant argues *Mathis v. United States*, 136 S.Ct. 2243 (2016) precludes use of his controlled substance convictions as predicate offenses because the Georgia statute of conviction is broader than the definition of "controlled substance offense" in the sentencing guidelines. Even assuming this is correct, however, *Mathis* has not been declared retroactive. *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), which relied on *Mathis* to overturn a defendant's career offender designation based on drug offenses, was on direct appeal.

**IV.    Conclusion**

Defendant's Emergency Request to proceed with his § 2255 motion (ECF No. 93) is **granted** to the extent the court has addressed his motion. The stay previously imposed is hereby **vacated** as unnecessary. Defendant's challenge to his sentence fails because *Johnson* does not apply to career offender sentences based on predicate convictions for serious drug offenses. In addition, Defendant's motion is untimely. Accordingly, the Government's motion to dismiss is **granted**, and Defendant's § 2255 motion is **dismissed**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 23, 2017