IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:04-867-CMC |
| v. | |
| Raymon Anthony Higgs, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's *pro se* "Emergency Motion to Reduce Sentence." ECF No. 109. Defendant argues he is entitled to be resentenced without the career offender enhancement because "plain error has occurred," as a prior conviction should not have been used as a career offender predicate, and that the court has jurisdiction to do so under Federal Rules of Criminal Procedure 52(b) and 51(b). *Id.* The Government has not filed a response.

Although Defendant cites Federal Rules of Criminal Procedure 52(b) and 51(b), neither provides this court with jurisdiction to modify his sentence.

Defendant's motion attacks his sentence, and therefore is properly construed as one under 28 U.S.C. §2255. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (""[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive [§ 2255] application . . ."). However, Defendant previously filed a § 2255 motion that was adjudicated on the merits. *See Higgs v. United States*, No. 3:06-cv-01829. Therefore, the instant motion is successive. Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals

allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). Defendant has not received an order from the Fourth Circuit authorizing filing of a successive § 2255 motion.

The requirement of petitioning a court of appeals (in this instance, the Fourth Circuit) for permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to move for permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. This motion is dismissed as this court is without jurisdiction to consider it.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

2

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 13, 2017